# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

EDWARD L. GOODRIDGE SR.,

Defendant,

and

STILLAGUAMISH TRIBE OF INDIANS,

Garnishee.

Case No. MC 12-0080-JLR-JPD

REPORT AND RECOMMENDATION

On April 25, 2012, Plaintiff filed an Application for Writ of Garnishment against the Defendant. Dkt. 1. Stillaguamish Tribe, the Garnishee, has control, custody, and possession of Quarterly Per Capita Distributions belonging to Defendant. Dkt. 6. This matter was referred to the Court by the Honorable James L. Robart upon Defendant's filing of a Claim for Exemption. Dkt. 8. Having reviewed Defendant's claim and the balance of the record, the Court recommends as follows:

Defendant's Claim for Exemption, Dkt. 8, should be denied. Defendant rests his claim upon the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1673. The CCPA imposes a

REPORT AND RECOMMENDATION
PAGE - 1

maximum garnishment of 25% of an individual's disposable weekly earnings. 15 U.S.C. § 1673(a)(1). The CCPA defines earnings as "compensation paid or payable for personal services." 15 U.S.C. § 1672(a).

Defendant receives the Per Capita Distribution Payments from Garnishee because he is a member of the Stillaguamish Tribe. Dkt. 11, Att.1. The Stillaguamish Tribe provides quarterly distributions to tribal members from revenue generated by the Angel of the Winds Casino. Dkt. 11. These payments are made in accordance with the Indian Gaming Revenue Plan. *Id.* The Per Capita Distributions that Defendant receives from Garnishee are not earnings as contemplated by the CCPA. Defendant failed to demonstrate that he is either employed by the Stillaguamish Tribe, or that he provides the Stillaguamish Tribe with compensable services. *See Kokoszka v. Belford*, 417 U.S. 642, 651, 94 S. Ct. 2431, 41 L. Ed. 2d 374 (1974) (finding that the term "earnings" as used in the CCPA is "limited to periodic payments of compensation") (internal quotations and citation omitted); *see also Usery v. First Nat'l Bank of Arizona*, 586 F.2d 107, 110 (9th Cir. 1978) (stating that the application of the CCPA garnishment cap is limited to payments by "employers (or those who stand in the position of employers by virtue of paying or owing compensation for services to the individual debtor)").

Defendant alternatively argues that the court-ordered payment plan imposes a maximum garnishment of 10% of his monthly income. Dkt. 10. The Judgment issued against Defendant, however, listed the minimum amount of monthly income to be collected: no less than 25% while incarcerated; and no less than 10% during supervised release. *United States v. Goodridge et al.*, Case No. CR08-0363JLR-001 (W.D. Wash.), Dkt. 51 at 7. Now that Defendant's supervised release has terminated, the payment plan under the Judgment has also terminated, leaving the United States Attorney's Office responsible for the collection of the debt. Dkt. 12 at 5. The order of restitution imposed upon Defendant created a lien in favor of the United States on all of Defendant's property and rights to property. 18 U.S.C. § 3613(c).

The lien acts as a liability for a tax assessed under the Internal Revenue Code of 1986. *Id.* The Internal Revenue Code of 1986 lists limited property exemptions, none of which apply to Defendant. 26 U.S.C. § 6334(a).

Moreover, the CCPA garnishment cap does not extend to state or federal tax debts. 15 U.S.C. § 1673(b)(1). Defendant owes restitution to the state of Washington for both the loss of state tax revenue and failure to pay an excise tax. *United States v. Goodridge et al.*, Case No. CR08-0363JLR-001 (W.D. Wash.), Dkt. 51 at 5.

For these reasons, the Court recommends that Defendant's claim for exemption be denied. A proposed order accompanies this Report and Recommendation.

DATED this 6th day of July, 2012.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge